UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,


                                 Plaintiff/Respondent,

                                                                    DECISION AND ORDER

                                                                    04-CR-6012L
                                                                    06-CV-6292L


                    v.

HAILE DERESS,


                                 Defendant/Petitioner.
_____


## 1. Background

Currently pending with the Court are two motions filed by petitioner Haile Deress ("Deress"), *pro se*; the first is a motion pursuant to 28 U.S.C. § 753(f) for copies of transcripts of his plea colloquy and sentencing at the Government's expense, (Dkt. #32); the second is a motion for an extension of time within which to file a memorandum of law (Dkt. #33), concerning his pending motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, based on ineffective assistance of counsel. (Dkt. #31). For the reasons that follow, the motion for transcripts is denied, and the motion for an extension of time is granted, in part.

On December 9, 2004, Deress pleaded guilty to two counts of possession with intent to distribute and distribution of marijuana in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841 (b)(1)(D) pursuant to a written plea agreement. In that plea agreement, defendant and the Government agreed pursuant to FED. R. CRIM. P. 11(c)(1)(C) that the sentence would be a term of imprisonment of 59 months. The agreement also provided that because Deress was not a citizen the conviction may affect his right to remain in the United States. In addition, Deress waived the right to appeal or collaterally attack the sentence and judgment.

On March 22, 2005, the petitioner was sentenced to fifty-nine months imprisonment plus three years supervised release. Special conditions of the petitioner's supervision provide that the petitioner is to be delivered to an Immigration official for deportation proceedings pursuant to 18 U.S.C. § 3583(d). (Dkt. # 29, Judgment at 4).

## 2. Discussion

### A. Motion for Production of Transcripts

28 U.S.C. § 753(f) provides that:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

To be entitled to free transcripts, the petitioner must make a showing that the allegations in the underlying § 2255 motion are not frivolous and that the transcripts are necessary to decide the issue presented. *Crossley v. U.S.*, 538 F.2d 508, 509 (2d Cir. 1976). Limiting the petitioner's right to free trial transcripts is consistent with the Due Process Clause. *U.S. v. MacCollum*, 426 U.S. 317, 319-321 (1976). The standard for determining whether an appeal is not frivolous but presents a substantial question for the purposes of Section 753(f) is whether the issue on appeal "judged on an objective basis, is a question which is 'reasonably debatable.' " *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 71 F.R.D. 93, 97 (S.D.N.Y.1976). Courts also consider whether the transcript will be necessary for the presentation of the issue. *Id.* at 97-98 and n.7. If the petitioner makes only a "naked allegation" that he was deprived effective counsel, the court may deny the transcript request. *Crossley,* 538 F.2d at 509 (2d Cir. 1976).

To determine whether the claims in petitioner's § 2255 motion are frivolous, the Court must review the claim of ineffective assistance under the two-pronged test for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), that (1) counsel's representation fell below an objective standard of reasonableness, and that (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *United*

*States v. Hernandez,* 242 F.3d 110, 112  (2d Cir. 2001).  *See also Hill v. Lockhart,* 474 U.S. 52, 57

(1985).

> In his § 2255 motion, Deress asserts:
>
> (1) that he would not have pled guilty had his counsel informed him that he would be
> deported upon release from prison;
>
> (2) counsel failed to timely file a motion to suppress evidence; and
>
> (3) that counsel "erroneously" allowed stipulations in petitioner's plea agreeing to an
> enhancement under U.S.S.G. § 2D1.1(b) and an upward departure under U.S.S.G. § 5K2.21.
>
> (Dkt. #31, Motion to Vacate at 6).

Petitioner does not indicate how he intends to use the transcripts or which, if any, issue the

transcripts would be necessary to prove or decide.

After reviewing the pleadings and record in this case, it appears that petitioner's allegations

lack merit. First, the possibility of petitioner's eventual deportation was stated in paragraph 18 of the

petitioner's signed plea agreement.  This matter, as well as Deress's waiver of appeal/collateral

attack and the agreed upon sentence of 59 months, was discussed during the plea colloquy.  At the

time of the plea, Deress advised the Court that he had reviewed the agreement with his attorney, and

that he fully understood the agreement and the consequences of his plea.

Regardless of the merits of Deress's argument that he would not have pleaded guilty, the

petitioner does not need a copy of the transcript to pursue this argument.  The matters raised in

Deress's § 2255 petition do not directly relate to the colloquy at the time of the plea or the

sentencing.  He raises matters that the transcripts do not address.  *McCarthy* v. *Bronson* 906 F.2d

835, 841 (2d Cir. 1990) (appropriate to deny free copy of transcript pursuant to § 753(f) where

transcript is not necessary to resolution of the issue).

Second, counsel for the petitioner *did file* a motion to suppress physical evidence and statements on April 29, 2004. (Dkt. #11).  Because this allegation is based on the record before the Court, transcripts of the plea colloquy and sentencing would not be of use to the petitioner.[1]

Third, petitioner also claims that his decision to plead guilty was based on "erroneous" information and that the stipulation to an enhancement under U.S.S.G. § 2D1.1(b) and an upward departure under U.S.S.G. § 5K2.21 was "erroneous" in itself.  The petitioner does not support the allegations of ineffective assistance relating to the stipulations in the plea agreement with any more specific facts and does not indicate how a copy of the transcript will aid his assertion. (Dkt. #31, Motion to Vacate at 6).  Furthermore, Deress received the benefit of his bargain.  He agreed that if the Court accepted the plea, the sentence would be 59 months, and that is precisely what the Court did.  Arguments concerning translation of the Guidelines are, therefore, totally without merit.

The petitioner's allegations of ineffective assistance of counsel do not appear to meet the *Strickland* standard, as articulated in *Hill,* not only because the allegations lack specificity and factual support, but because the alleged actions by counsel do not clearly demonstrate that: "representation fell below an objective standard of reasonableness", or that "but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 57.  At this point, the petitioner's allegations of ineffective assistance of counsel amount only to "naked allegations." *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977)  ("[P]resentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  For that reason, the Court cannot certify that

---

[1] Whether or not the transcripts would be of use, this claim is not appropriate in a federal habeas corpus petition because petitioner waived all ineffective assistance of counsel claims stemming from the period of time before his plea when he entered his guilty plea. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).

the allegations are non-frivolous for the purposes of 28 U.S.C. § 753(f). Deress's motion for transcripts, therefore, is denied.

### B. Petitioner's Motion for Extension of Time to File a Memorandum of Law

Petitioner has moved for an extension of time to file a memorandum of law.  His motion is granted, in part.  Deress requests a ninety (90) day extension, but I believe such a request is excessive.  I, therefore, grant Deress's motion for an extension, but direct that it be filed by August 25, 2006, and the Government shall have twenty (20) days thereafter to answer and respond to the petition.

### CONCLUSION

The petitioner's motion for transcripts (Dkt. #32) is denied.  Petitioner's request for an extension of time to file a memorandum of law (Dkt. #33) is granted, in part. The petitioner shall file a memorandum of law supporting his § 2255 motion on or before August 25, 2006, and the Government shall have twenty (20) days thereafter to respond.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      June 29, 2006.

- 5 -